UNITED STATES DISTRICT COURT            O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| RAFAEL ARMANDO DELGADO § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. L-09-50 |
| § | CRIMINAL CASE NO. L-06-111-1 |
| UNITED STATES OF AMERICA § | |

### MEMORANDUM AND ORDER

Pending before the Court is Petitioner Rafael Armando Delgado's ("Delgado") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. [Dkt. No. 1].[1] Upon review of the motion, the record, and the governing authorities, Delgado's motion is **DISMISSED with prejudice**.

### I. BACKGROUND

On January 18, 2006, a federal grand jury in Laredo, TX, returned a two-count indictment against Delgado. [Cr. Dkt. No. 7]. Count One of the indictment charged that on or about December 27, 2005, Delgado conspired to possess with intent to distribute less than fifty (50) kilograms of marihuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D). Count Two of the indictment charged that, on the same day, Delgado possessed with intent to distribute less than fifty (50) kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2. Thereafter, Delgado waived his appearance at an arraignment, expressed his intent to plead not guilty to Counts One and Two, and also requested a jury trial. [Cr. Dkt. No. 11]. On March 7, 2006, he entered a plea of not guilty before United States Magistrate Judge Adriana Arce-Flores. [Minute Entry of

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in civil case number 5:09-50. Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:06-111-1.

March 7, 2006].

Delgado then proceeded to a jury trial, after which he was found guilty as to Counts One and Two. [Cr. Dkt. No. 39]. He was subsequently sentenced by this Court to sixty (60) months of imprisonment on each count to run concurrently. [Cr. Dkt. No. 48]. Additionally, this Court sentenced Delgado to three years of supervised release on each count to run concurrently, and ordered him to pay a $200 assessment fee. [*Id.*].

On June 6, 2006, Delgado filed a Notice of Appeal. [Cr. Dkt. No. 46]. On appeal, Delgado argued that this Court erred by applying a six-level enhancement under U.S.S.G. § 3A1.2(c)(1) in sentencing him because the evidence did not show that he intended to injure law enforcement officials, and therefore failed to show that he committed aggravated assault. [Dkt. No. 1 at 3 & Cr. Dkt. No. 81]. The Fifth Circuit found that this Court's factual findings were not clearly erroneous and therefore affirmed Delgado's sentence. [Cr. Dkt. Nos. 80, 81]. Delgado then filed a petition for a writ of certiorari. On April 20, 2008, the Supreme Court denied Delgado's petition. [Cr. Dkt. No. 83].

On April 20, 2009, Delgado filed the pending § 2255 Motion, and an Application to Proceed *in forma pauperis*. [Dkt. Nos. 1, 2]. In his § 2255 Motion, Delgado asserts that he received ineffective assistance of counsel, and provides 11 supporting grounds.

## II.   DISCUSSION

### A.   Standard Governing § 2255 Motions

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir.

1981)). Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255 (2006); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).  After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2255, PROC. R. 4(b).

### B. Standard Governing Ineffective Assistance of Counsel Claims

In this case, Delgado asserts that he received ineffective assistance of counsel, a claim of constitutional proportion, and provides 11 grounds in support of this claim. "The general rule in [the Fifth Circuit] is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987) (citing *United States v. McClure*, 786 F.2d 1286, 1291 (5th Cir. 1986)).

Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255. Under the pertinent two-prong test, Delgado must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Delgado suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A reviewing court need not consider either prong of the test in any particular order. *Id.* at 697. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and adequate assistance was rendered. *Id.* at 689-90. All significant decisions are presumed to be made "in the exercise of reasonable professional judgment." *Id*. There are few specific instances where a presumption of prejudice

exists, but "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Id*. at 692-93.

### C. Delgado's Actual Innocence Claim

The first claim Delgado presents is that he received ineffective of counsel because his attorney did not argue that he was actually innocent. [Dkt. No. 1 at 5]. The Court construes this claim as a contention that Delgado is actually innocent. "Actual innocence means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (citing *Bousley*, 118 S.Ct. at 1611). "To prove actual innocence, the petitioner 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id*. (citing *Bousley*, 118 S.Ct. at 1611) (citations and quotations omitted).

Specifically, Delgado states that his attorney was ineffective because "he failed to [] argue and object to [Delgado's] actual innocence, based on that he never call (sic) a potential witnesses in his jury trial[,]" and because "he never presented any documents concerning his innocence and why the defendant picked up the car that contained less the 50 Kgs (sic)." [Dkt. No. 1 at 5]. The Court notes that Delgado has not explicitly asserted that he is "actually innocent"; rather, he argues that his attorney failed to argue that he was actually innocent. Still, because habeas petitions are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court will construe his motion to state that he is actually innocent. Importantly, however, Delgado has presented no facts to controvert the evidence presented at his trial.

During the trial, United States Border Patrol Agent Patrick Bills testified that, on the evening of December 27, 2005, while stationed in Laredo, TX, he observed an area alongside the riverbanks of the Rio Grande River, using an infrared camera. [Cr. Dkt. No. 36 at 24, 29].

During his observation, he saw three individuals on a raft cross the Rio Grande River into the United States. [*Id*. at 36]. Agent Bills then saw a car approach and stop near the three individuals on Anna Street, a road that leads down to the Rio Grande. [*Id*. at 33]. The individuals ran towards the car, opened the trunk, and ran back to the river. [*Id*. at 42, 43]. The car then left the area. [*Id*. at 43]. During this time, Agent Bills contacted other agents on patrol in the area, and advised them as to what he saw, and that he believed bundles had been loaded into the car. [*Id*. at 43].

Border Patrol Agent Mark Di Marco responded to Agent Bills, and was advised that no other cars were on Anna Street, and that the car was located directly in front of him. [*Id*. at 43-44, 73]. Agent Di Marco testified that he followed the car, which he identified as a black Ford Crown Victoria, as it turned onto a road called Jaime Street. [*Id*. at 78, 79]. The car then stopped at a house in the middle of the road, and Delgado jumped out and ran to the back of the vehicle. [*Id*. at 79]. At this point, Agent Di Marco jumped out of his car, and identified himself as a border patrol agent. [*Id*.]. Delgado then ran back into his car, and headed east on Jaime Street. [*Id*.]. Agent Di Marco turned on his emergency lights and followed, then advised other agents in the area of Delgado's direction. [*Id*. at 80].

During the pursuit, Delgado lost control of his car, made contact with Agent Di Marco's car, and went into a chain link fence which surrounded a warehouse. [*Id*. at 82]. Delgado's car was stopped, momentarily. [*Id*. at 140]. After becoming mobile again, Delgado headed straight towards Agent Di Marco's car and hit Agent Di Marco's car head-on. [*Id*. at 83]. Delgado's car was effectively stopped. [*Id*. at 128]. As Agent Di Marco ran over to the driver's side of Delgado's car, Delgado remained inside with his foot floored to the accelerator and his right hand on the gear shift. [*Id*. at 83]. At this time, Border Patrol Agents Abner B. Sutton and

Ricardo Zamora, Jr. arrived and ordered Delgado to turn off the car. [*Id*. at 87-88, 128]. Delgado failed to comply, and kept the wheels of his car spinning. [*Id*. at 88]. Agent Sutton then pulled Delgado out of the vehicle and pinned him on the ground. [*Id*. at 89, 129]. After Delgado was secured, the Agents opened the trunk and discovered two large bundles, which were wrapped in cellophane and a black cloth. [*Id*. at 89-90, 129, 145]. The bundles contained marihuana. [*Id*. at 89-90, 129]. The Agent also found two cell phones in the front seat. [*Id*. at 144].

Thereafter, Richard T. Sanchez, a special agent with the Drug Enforcement Agency, read Delgado his Miranda rights. [*Id*. at 179]. Delgado affirmed that he understood his rights, and affirmed that he would be willing to answer Sanchez's questions. [*Id*. at 179]. Delgado then confessed that an individual named Chaco had hired him to transport marihuana from the Rio Grande River. [*Id*. at 182]. Delgado also confessed that Chaco provided him with the car. [*Id*. at 182]. Delgado also told Agent Sanchez that he would be paid $60. [182].

In consideration of all the evidence presented at his trial, and because Delgado presents no new alleged facts in his motion, Delgado cannot show that it is more likely than not that a reasonable juror could not convict him. Thus, Delgado cannot prevail in his actual innocence claim. The Court will now turn to the other ineffective assistance claims presented in Delgado's § 2255 Motion.

### D. Whether Delgado Received Ineffective Assistance of Counsel

Aside from asserting his actual innocence, Delgado presents ten other grounds for his ineffective assistance of counsel claim. First, Delgado asserts that his attorney failed to call him to the stand to testify, and also failed to advise him that he could testify at trial. [Dkt. No. 1 at 6]. "A criminal defendant has a constitutional right to testify on his own behalf, and this right is

granted to the defendant personally and not to his counsel." *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999) (citing *Rock v. Arkansas*, 483 U.S. 44 (1987)). Here, Delgado did not testify during his trial. [Dkt. No. 69 at 2]. And the record does not show whether counsel advised Delgado of his right to testify at his trial. But even assuming, for the purposes of Delgado's ineffective assistance claim, that counsel did not advise Delgado as to his right to testify, Delgado has failed to establish that he was prejudiced. Specifically, he does not state which facts he would have testified to. He also does not assert how such facts would have affected the outcome of his trial. Without supporting factual allegations, Delgado cannot prevail in his claim that he was denied his right to testify. *Cf. United States v. Martinez*, 181 F.3d 627, 629 (5th Cir. 1999) (remanding habeas petition to district court, to allow petitioner to state claim with greater specificity, where petitioner claimed that he told counsel that he wanted to testify). Because Delgado has failed to establish prejudice with regard to this claim, it is without merit.

Next, Delgado avers that his attorney failed to cross-examine the agents who arrested him. [Dkt. No 1 at 8]. Delgado also alleges that the arresting agents did not read his Miranda rights to him, and that counsel failed to cross-examine the agents regarding this issue. [*Id*.]. The evidence presented during Delgado's trial shows otherwise, however. The transcript of Delgado's trial clearly indicates that Delgado's counsel cross-examined the agents who arrested Delgado, namely Agent Di Marco, Agent Sutton, and Agent Zamora. [Cr. Dkt. No. 68 at 96, 131, 150]. On direct examination, Agent Zamora testified that, after escorting Delgado to the station, he administered Delgado's Miranda rights, and that Agent Di Marco witnesses the administration of Miranda rights. [Cr. Dkt. No. 68 at 145-47]. During cross examination, Delgado's counsel questioned Agent Zamora about the circumstances surrounding the reading of Delgado's Miranda rights. [Dkt. No. 68 at 153-55]. Thus, Plaintiff's allegations with regard to

the administration of his Miranda rights are not supported by the record.

Next, Delgado argues that he received ineffective assistance because his counsel failed to object to the conspiracy charge in his indictment, seemingly because no other conspirators were named as defendants in his case. [Dkt. No. 1 at 9]. Additionally, he contends that the Government thus failed to prove the elements of his conspiracy charge. As noted by the Fifth Circuit, "[i]n a drug conspiracy prosecution, the Government must prove beyond a reasonable doubt: (1) the existence of an agreement between two or more persons to violate narcotics law; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the agreement." *United States v. Gonzalez*, 76 F.3d 1339, 1346 (5th Cir. 1996) (citing *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992)). The Government was thus not required to charge any of Defendant's co-conspirators in this same case. It follows that Delgado cannot show that his counsel was ineffective in failing to object to the conspiracy charge on such grounds. Further, the evidence supported a conspiracy charge as Delgado admitted he was working with another.

Next, Delgado argues that counsel failed to advise him whether to plead guilty or go to trial and "get less time by not going to trial." [Dkt. No. 1 at "9a"]. The Fifth Circuit has stated that "[o]ne of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty" or proceed to trial. *United States v. Herrera*, 412 F.3d 577, 580 (2005) (citing *Reed v. United States*, 354 F.2d 227, 229 (5th Cir.1965)). When conveying a plea offer from the government to a client, defense counsel should advise his client of all relevant circumstances and the likely consequences of pleading guilty or proceeding to trial. *Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir.1995) (citations omitted); *see also U.S. v. Gordon*, 156 F.3d 376, 380 (2d Cir.1998) ("[T]he decision whether to

plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case . . . [C]ounsel may and must give the client the benefit of counsel's professional advice on this crucial decision."). Here, the record reflects that Delgado's counsel advised him as to the consequences of pleading not guilty. During his pretrial conference on March 7, 2006, Delgado entered a plea of not guilty before Judge Arce-Flores. Importantly, Delgado also affirmed that his counsel had advised him that, after pleading not guilty, he would not qualify for the full range of acceptance of responsibility. [Digital Recording of March 7, 2006 Pretrial Conference at 1:27 p.m.]. Delgado's claim that his attorney failed to advise him regarding the consequences of his plea is therefore without merit.

Next, Delgado argues that his counsel failed to investigate the case and did not spend enough time preparing a defense. [Dkt. No. 1 at "9a"]. Bare allegations that counsel failed to investigate do not suffice to establish a cognizable ineffective assistance of counsel claim. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Rather, "'[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" *Nelson*, 989 F.2d at 850 (quoting *Green*, 882 F.2d at 1003). Here, Delgado does not allege which facts Delgado failed to investigate, or otherwise allege how such facts would have affected the outcome of his trial. And while Delgado asserts that his counsel did not spend enough time on the case, the Fifth Circuit has noted that "'time spent (in preparation) is only one of the elements to be considered and the totality of the facts may not be over-ridden by a judicial stop watch.'" *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974) (quoting *Doughty v. Beto,* 396 F.2d 128, 130 (5th Cir. 1968)). Since Delgado has alleged no facts to support this claim, the Court finds that it is also without

merit.

Next, Delgado contends that he received ineffective assistance because his counsel failed to provide him with a copy of his presentence investigation report, and that counsel also failed to review the report with him. [Dkt. No. 1 at "9a"]. The Court construes this contention as an argument that he received ineffective assistance of counsel during sentencing. This claim is undercut by the record, however. During his sentencing hearing, Delgado's counsel stated that he reviewed the presentence investigation report with Delgado. [Digital Recording of June 6, 2006 Sentencing at 2:25 p.m.]. Delgado affirmed that he reviewed his presentence investigation report with his counsel. [*Id*.]. Delgado therefore cannot show that his counsel was ineffective as to this claim.

Next, Delgado argues that his counsel failed to object to, or appeal, the government or agents' "misconduct based on he/she covered [portions of evidence]" in order to convict him. [Dkt. No. 1 at 9, "9a," "9b"]. The Court construes the claim as an argument that his due process rights were violated. As required under *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution must disclose to a defendant exculpatory evidence that is material either to his guilt or to his punishment. *Powell v. Quarterman*, 536 F.3d 325, 335 (5th Cir. 2008) (citing *Brady*, 373 U.S. at 87). To establish a *Brady* violation, a defendant must show that (1) the evidence at issue was favorable to him; (2) the evidence was willfully or inadvertently suppressed by the Government; (3) and prejudiced resulted. *Id.* (quoting *Strickler v. Greene*, 527 U.S. 281-282 (1936)). In this case, however, Delgado has failed to allege which, if any, facts were suppressed by the Government. It follows that Delgado cannot establish a due process violation, or that his counsel was ineffective as to this issue.

Finally, Delgado asserts three other ineffective assistance of counsel claims utterly

lacking in factual support. Delgado argues that counsel failed to suppress evidence, though he does not state which evidence counsel failed to suppress. [Dkt. No. 1 at "9a"]. Similarly, Delgado contends that his counsel failed to appeal constitutional issues, though he does not state which constitutional issues his counsel failed to appeal. [*Id*.]. And Delgado also argues that counsel "[failed] to object/appeal the illegal stop," though he does not allege any facts showing that the stop conducted by officers was illegal. [*Id*. at "9b"]. Vague, conclusory, and attenuated allegations—on their own—cannot articulate a claim under 28 U.S.C. § 2255. *See United States v. Martinez*, 181 F.3d 627, 629 (5th Cir. 1999); *see also United States v. Pineda*, 988 F.2d 22, 32 (5th Cir. 1993) (per curiam) (noting that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *In re Grand Jury Subpoena*, 419 F.3d 329, 336 (5th Cir. 2006) (stating that allegations in pleadings are not evidence). Therefore, Delgado's claims that his counsel failed to suppress evidence, failed to appeal constitutional issues, and failed to object to or appeal his stop are all without merit.

### III. CONCLUSION

For the reasons stated above, Delgado's § 2255 Motion is **DISMISSED with prejudice**. [Dkt. No. 1]. While Delgado has filed an Application to Proceed *in forma pauperis*, [Dkt. No. 2], such Application is unnecessary, and is **DENIED as moot**. *See* 28 U.S.C. § 2255 Rule 3, advisory committee's notes ("There is no filing fee required of a movant under these rules."). Should Delgado seek one, a certificate of appealability is **DENIED**. Final Judgment shall issue

under separate cover.

    IT IS SO ORDERED.

    DONE this 10th day of February, 2010, in Laredo, Texas.

    _____
    Micaela Alvarez
    UNITED STATES DISTRICT JUDGE